UNITED STATES of America,
Plaintiff-Appellee,

v.

Eric S. KELM, Defendant-Appellant.

No. 86–3078.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 4, 1987.

Decided Sept. 14, 1987.

Ray Richard Brown, Juneau, Alaska, for defendant-appellant.

Gail Brodfuehrer, Washington, D.C., for plaintiff-appellee.

Before GOODWIN, ANDERSON and BRUNETTI, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

## I.

### FACTS

Eric S. Kelm was indicted on two counts of willful failure to file federal income tax returns for the years 1980 and 1981, in violation of 26 U.S.C. § 7203. Kelm was arraigned on October 18, 1985, and entered a plea of not guilty. A jury trial was scheduled to begin on November 18, 1985. On November 7, 1985, an order was issued requiring Kelm to appear in court on November 12, 1985, to be advised of his right to counsel and to confirm the trial date. Kelm failed to appear. The trial date was vacated and Kelm was ordered to appear on November 18, 1985, to be advised of his rights and to set a new trial date. Again, Kelm failed to appear. Finally, on the following day, a bench warrant was issued and Kelm was brought before the court and advised of his right to counsel. At that time, Kelm stated that he was attempting to retain counsel and that he did not want counsel to be appointed for him. Trial was rescheduled for December 9, 1985. On December 5, 1985, the district court, at the government's request, ordered Kelm to appear regarding his efforts to obtain counsel. Following the hearing, Kelm was informed that he was required to retain counsel by December 27, 1985, and, if unable to do so, counsel would be appointed for him. Trial was rescheduled for February 4, 1986. On January 15, 1986, a hearing was scheduled for January 16, 1986, to consider Kelm's representation by counsel. Kelm was informed that he would

be permitted to participate in the hearing by telephone. On January 16, 1986, despite numerous attempts, the court was unable to contact him. On the following day, an order was entered referring the matter to the United States Magistrate for the sole purpose of determining the status of Kelm's efforts to retain counsel. The court noted that if Kelm did not waive his right to counsel at that time, he would be given two additional weeks to obtain counsel but, if he failed to do so, he would be deemed to have waived his right to counsel. Standby counsel was then appointed for Kelm. At a counsel status hearing, Kelm, appearing with standby counsel, informed the court that he had been unable to obtain counsel, but that he did not want to waive attorney representation. At the conclusion of the hearing, the court made the following findings:

1. That the use by Defendant [Kelm] of a detailed letter questionnaire to counsel has deterred and hindered counsel selection. All counsel have refused to fill out the form and to represent Mr. Kelm. A review of the questionnaire, which has been filed in court, suggests strongly that retained counsel's handling of the case would be greatly restrained by Mr. Kelm.

2. That Defendant's requirement that counsel be a [sic] experienced tax trial lawyer has deterred and hindered counsel selection.

The court, in light of these findings and the length of time already permitted Kelm to obtain counsel, ordered that Kelm be allowed until February 11, 1986, to retain counsel, but that if he failed to do so by that date, he would be deemed to have waived his right to counsel. On February 4, 1986, Kelm filed a motion to dismiss for failure to bring the case to trial within the time period required by the Speedy Trial Act. The court held that no violation of the Act had occurred because Kelm's actions had created excludable delays. Trial commenced on March 18, 1986, at which time Kelm conducted his own defense, assisted by standby counsel. On the second day of jury trial, Kelm informed the court that he was unable to represent himself, and asked that counsel be appointed. Kelm's request was denied on the grounds that he was not entitled to court-appointed counsel, trial had been continued on numerous occasions to afford Kelm the opportunity to retain counsel, and the court would not again grant Kelm a continuance to give a new attorney time to prepare the case. After the trial by jury, Kelm was found guilty of both counts charged in the indictment. Kelm appeals to this court through an attorney. We affirm.

## II.

## ISSUES

Kelm contends that the district court erred in denying him effective representation of counsel, in denying him the opportunity to reopen his case for purposes of testimonial foundation regarding the admissions of certain exhibits admitted at the close of his case, and in the submission of various jury instructions.

## III.

## DISCUSSION

### A. RIGHT TO COUNSEL

Kelm contends that the district court erred in denying him effective representation of counsel, thereby depriving him of his rights under the Sixth Amendment to the U.S. Constitution. According to Kelm, the district court failed to properly advise him regarding his right to counsel and, therefore, any waiver of counsel was not knowing and intelligent.

In support of his argument, Kelm relies on prior decisions of this court requiring the record to reflect the basis for the trial court's finding that the right to counsel has been competently and intelligently waived. *See United States v. Dujanovic*, 486 F.2d 182, 188 (9th Cir.1973); *United States v. Aponte*, 591 F.2d 1247, 1249 (9th Cir.1978).[1]

---

1. It should be noted that, in respect to this line of cases, a majority of the circuits have adopted a nonformalistic approach to determining sufficiency of the waiver from the record as a whole rather than requiring a deliberate and searching inquiry. *See United States v. McDowell*, 814 F.2d 245, 249 (6th Cir.1987).

Kelm's reliance is misplaced. *Duganovic* and *Aponte* involve situations where a criminal defendant, after being advised of his right to counsel, affirmatively decided to waive that right. In this case, however, Kelm consistently informed the court that he did not waive his right to counsel and that he wanted to hire his own attorney.

It is well established that the Sixth Amendment guarantees a defendant in a criminal case the right to be represented by counsel. In addition, a criminal defendant is constitutionally entitled to secure counsel of his own choice. *Powell v. Alabama*, 287 U.S. 45, 53, 53 S.Ct. 55, 58, 77 L.Ed. 158 (1932). The constitutional right of a criminal defendant to choose his own attorney, however, is limited to the "fair opportunity" to obtain counsel of his choice. *Powell v. Alabama, supra.* When a criminal defendant's constitutional right to secure counsel of his choice conflicts with the trial judge's discretionary power to deny continuances, the reviewing court must balance several factors [2] in determining whether the trial court's conduct was "fair and reasonable." *United States v. Studley*, 783 F.2d 934, 938 (9th Cir.1986). Where a defendant's conduct is "dilatory and hinders the efficient administration of justice," a court may deny a continuance even if it results in the defendant's being unrepresented at trial. *United States v. Leavitt*, 608 F.2d 1290, 1293 (9th Cir.1979).

There is little doubt that Kelm's conduct hindered the "efficient administration of justice." Kelm failed to appear at hearings dealing with his right to counsel. Trial was continued three times in order to allow him time to find "suitable counsel." Kelm's requirement that prospective counsel complete a detailed letter questionnaire and that they be experienced tax trial lawyers was correctly found by the trial court to have "deterred and hindered counsel selection." In light of Kelm's persistent refusal to accept an appointed attorney, to hire his own attorney, or to expressly waive his right to an attorney, the district court's decision not to grant further continuances was "fair and reasonable." Moreover, we think it a fair reading of the record as a whole that Kelm understood the dangers and disadvantages of self-representation. He knew he was entitled to counsel, yet the record establishes that he elected to defend himself with his "eyes open." *See Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975). In addition, a court must be wary against the "right of counsel" being used as a ploy to gain time or effect delay. *See United States v. Lustig*, 555 F.2d 737, 744 (9th Cir.1977), *cert. denied*, 434 U.S. 1045, 98 S.Ct. 889, 54 L.Ed.2d 795 (1978). The record clearly demonstrates that Kelm was manipulating his constitutional right to counsel in an effort to effect delay,[3] The trial court's determination that Kelm's actions constituted a waiver of his right to counsel represented a valid response to Kelm's dilatory tactics. Under the circumstances of this case, we conclude that the district court properly treated Kelm's failure to retain counsel as the waiver of his right to counsel of his choice.

## B. REOPENING THE CASE

After the close of the evidence, Kelm advised the court that he had failed to introduce two pieces of correspondence between himself and the IRS. The letters were offered apparently to buttress his "good faith" argument regarding his state of mind on the element of willfulness. While the court allowed the introduction of the exhibits into evidence, it would not allow the reopening of the case for purposes of offering testimony to support foundation and purpose, stating: "You had your chance, I think, yesterday, and you took some fair time dealing with the state of mind situation." However, the court ruled

2. These factors include whether the continuance would inconvenience witnesses, the court, counsel, or the parties; whether other continuances have been granted; whether legitimate reasons exist for the delay; whether the delay is the defendant's fault; and whether a denial would prejudice the defendant.

3. Indeed, after three continuances had been granted to afford Kelm the opportunity to hire counsel of his choosing, Kelm filed a motion to dismiss the case, arguing that he had not been brought to trial within the time constraints of the Speedy Trial Act.

that defendant would be permitted "to argue off of these documents in closing argument."

The decision whether to grant or deny a motion to reopen a case is reviewed for an abuse of discretion. *United States v. Huber,* 772 F.2d 585, 592 (9th Cir.1985). The court may refuse to permit an accused to reopen his case, and present additional evidence, where there is insufficient reason for the accused's failure to offer evidence at the proper time. *United States v. Ramirez,* 608 F.2d 1261, 1267 (9th Cir.1979).

Here, Kelm had been in possession of the documents for some time and forgot to offer them. Moreover, the court gave Kelm a full opportunity to point out to the jury during his closing argument any relevance the documents had to his defense. Nothing in the record indicates that the court abused its discretion in not allowing testimonial support for the letters. Thus, there was no error.

## C. INSTRUCTIONS

Kelm raises several challenges to the district court's instructions to the jury which are equally unavailing. He contends that the district court's failure to instruct on his theory of defense, a comment by the court at the conclusion of his testimony, and four instructions included in the court's charge, combined to deprive him of his only defense.

### 1. Theory of Defense

Even assuming that consideration of this issue is not barred by Kelm's failure to object, Kelm's assertion that the court did not instruct on his theory of defense is baseless. Kelm's theory was that his failure to file income tax returns was not willful because he assertedly believed in good faith that he was not required to file income tax returns. In addition to an instruction setting forth the elements of the

offense of willful failure to file income tax returns, this defense was unequivocally covered in view of Instruction No. 28 that Kelm's conduct was not willful "if he acted through justifiable excuse, mistake, or due to his good faith misunderstanding of the requirements of the law." The jury, thus, was adequately instructed on Kelm's theory of defense.

### 2. Comment by the Court

Kelm contends that the trial judge erred in commenting on three specific types of evidence to aid them in their determinations of whether Kelm's failure to file income tax returns was willful.[4] Again, even assuming that this issue is not foreclosed by Kelm's failure to object, we find this issue to be without merit. While it is clear that the trial judge's authority in commenting upon the evidence is not boundless, the bottom-line question is whether the judge has made "it clear to the jury that all matters of fact are submitted to their determination." *Quercia v. United States,* 289 U.S. 466, 469, 53 S.Ct. 698, 698, 77 L.Ed. 1321 (1933). *See also, United States v. James,* 576 F.2d 223, 228 (9th Cir.1978). The fact that the judge instructed the jury that they "may" consider such evidence, along with the caveat that any weight to be given such evidence was for the jury's decision alone, satisfies us that the jury's province was not invaded.

### 3. Conscious Avoidance Instruction

Kelm asserts that there was insufficient evidence to support the "conscious avoidance" instruction [Instruction No. 30]. A *Jewell* instruction is proper where a defendant claims to have lack of knowledge and the proof at trial supports an inference of "deliberate ignorance." *United States v. Pacific Hide & Fur Depot, Inc.,* 768 F.2d 1096, 1098 (9th Cir.1985). There are

---

**4.** The trial judge's instruction stated:

If evidence has been introduced showing any of the following items, then you may consider that evidence in determining whether the Defendant willfully failed to file income tax returns:

A. Handling of transactions so as to avoid making the usual records;

B. The use of nominees, placing property or a business in the name of another; and
C. The extensive use of currency or cashier's checks.
The weight to be given that evidence is a decision to be made by you, the jury.

few cases in which the facts point to deliberate ignorance. *See United States v. Alvarado,* 817 F.2d 580, 584 (9th Cir.1987). There must be evidence that the defendant purposely avoided learning all the facts in order to have a defense in the event of being arrested and charged. *United States v. Garzon,* 688 F.2d 607, 609 (9th Cir.1982). It is not enough that the defendant was mistaken, recklessly disregarded the truth or negligently failed to inquire. *Pacific Hide,* 768 F.2d at 1098. Likewise, if the evidence indicates that Kelm had actual knowledge of his obligations under the federal tax laws, then giving the *Jewell* instruction was inappropriate. *Alvarado,* 817 F.2d at 584.

The facts in this case tend to persuade this court that Kelm had actual knowledge, rather than deliberate ignorance, of his obligations under the federal tax laws. Kelm had been an employee of the Alaska Marine Highway System since 1974. Nevertheless, Kelm, who had filed proper income tax returns for 1971 through 1977, did not file income tax returns for the prosecution years. In 1978 and 1979, Kelm was advised by both his employer and the IRS that he was not exempt from income tax. Kelm also admitted during cross-examination that he was aware that the IRS and court decisions disagreed with his claim. As such, the *Jewell* instruction was inappropriate.

**4. Harmless Error**

 When there is no objection to the jury instructions at the time of trial, this court will employ a plain error standard of review. *United States v. Bustillo,* 789 F.2d 1364, 1367 (9th Cir.1986). Improper jury instructions rarely constitute plain error. *Id.* at 1368. Given the evidence of Kelm's actual knowledge of his federal tax law violations, we hold the error was "logically harmless to defendant beyond any reasonable doubt." *See Alvarado,* 817 F.2d at 586 (quoting *United States v. Rea,* 532 F.2d 147, 149 (9th Cir.), *cert. denied,* 429 U.S. 837, 97 S.Ct. 107, 50 L.Ed.2d 104 (1976)).

Finally, Kelm alleges the trial court abused its discretion in the submission of other instructions which unfairly empha-

sized specific testimony, were cumulative, and tantamount to a directed verdict. We are unconvinced that these particular instructions, when read in the context of the entire charge to the jury, constituted any error at all, and hold that these alleged infirmities certainly do not constitute plain error. *See Bustillo,* 789 F.2d at 1368.

### IV.

### CONCLUSION

Kelm's conviction under 26 U.S.C. § 7203 is

AFFIRMED.