967 F.2d 596
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Glenn E. WILLMSCHEN, Defendant-Appellant.
 No. 90-30146.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 26, 1992.*
Decided June 3, 1992.
 
 Before FARRIS, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Glenn E. Willmschen appeals his conviction, following a jury trial, for three counts of tax evasion, in violation of 26 U.S.C. § 7201. Willmschen contends that the district court erred by denying his motion for a continuance of trial without an adequate hearing, thereby depriving him of his sixth amendment right to counsel. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Willmschen was indicted on March 1, 1989. When he appeared without counsel for arraignment on April 17, 1989, the magistrate judge rescheduled the arraignment for April 20 and ordered him to appear with counsel. When he again appeared without counsel on April 20, the magistrate judge rescheduled the arraignment for April 27 and again ordered him to appear with counsel. On April 27, the magistrate judge appointed a federal public defender to represent Willmschen until an appointed attorney could be substituted, and he was arraigned and pleaded not guilty. On May 3, attorney Brian Conry was appointed to represent him because of a conflict in the federal public defender's office. On May 26, the government filed a motion asking the district court to inquire into Willmschen's eligibility for appointed counsel.
 
 
 4
 Sometime later, Willmschen retained attorney William Cohan. On October 12, the district court set trial for January 9 and ordered Willmschen and codefendant Melanie Pleasant to appear at a hearing on pretrial motions on October 30. At the hearing, Willmschen waived any conflict involving Cohan's representation of both him and Pleasant.
 
 
 5
 On January 2, 1990, Willmschen made oral motions to dismiss Cohan and continue the trial. On January 3, he filed a written motion for a 60-day continuance. The district court granted the motion to dismiss Cohan and denied the continuance. On January 8, Willmschen filed a notice of appeal, to which he attached an affidavit discussing his problems with Cohan.
 
 
 6
 Willmschen proceeded to trial without counsel on January 9. He was convicted of one count of conspiracy to defraud the functions of the Internal Revenue Service and three counts of tax evasion. On December 4, 1990, the district court granted Willmschen's motion for judgment notwithstanding the verdict as to the conspiracy count. Based on the finding that the denial of his continuance motion was proper, the district court denied his motion for a new trial on the other counts.
 
 
 7
 The sixth amendment guarantees a criminal defendant a " 'fair opportunity' " to choose his own attorney. United States v. Kelm, 827 F.2d 1319, 1322 (9th Cir.1987) (quoting Powell v. Alabama, 287 U.S. 45, 53 (1932)). When this right conflicts with the district court's discretionary power to deny continuances, we must balance the following factors to determine whether the district court's conduct was "fair and reasonable": "whether the continuance would inconvenience witnesses, the court, counsel, or the parties; whether other continuances have been granted; whether legitimate reasons exist for the delay; whether the delay is the defendant's fault; and whether a denial would prejudice the defendant." Id. at 1322 & 1322 n. 2 (quotation omitted) (quoted in United States v. Donaghe, 924 F.2d 940, 943 (9th Cir.), cert. denied, 112 S.Ct. 204 (1991)); see also United States v. Garcia, 924 F.2d 925, 926 (9th Cir.) ("district court has broad discretion to deny a motion for substitution [of appointed counsel] made on the eve of trial if the substitution would require a continuance"), cert. denied, 111 S.Ct. 2809 (1991). "When a defendant's conduct is 'dilatory and hinders the efficient administration of justice,' a court may deny a continuance even if it results in the defendant's being unrepresented at trial." Kelm, 827 F.2d at 1322 (quoting United States v. Leavitt, 608 F.2d 1290, 1293 (9th Cir.1979)); see also United States v. Hardy, 941 F.2d 893, 896 (9th Cir.1991) (discussing waiver of counsel). We review the district court's fact findings for clear error. United States v. Wadsworth, 830 F.2d 1500, 1505 (9th Cir.1987).
 
 
 8
 Here, the arraignment was twice continued to permit Willmschen to obtain counsel, but he did not request any other continuances of trial; this factor does not weigh heavily in either direction. The denial of a continuance may have prejudiced Willmschen because he had only seven days to obtain new counsel or prepare to proceed pro se. Nonetheless, the grant of a continuance seven days before the two-week trial would have greatly inconvenienced his five codefendants and others involved in the case. See Kelm, 827 F.2d at 1322 & 1322 n. 2. Severing Willmschen's trial would not have solved this problem because the government would have been required to present evidence twice.
 
 
 9
 Moreover, Willmschen did not establish legitimate reasons for the continuance or show that the need for delay of trial was not his fault. At the hearings on January 2 and 3 and in a written statement, Willmschen stated that Cohan was inaccessible and had not been able to explain the conspiracy charge. He stated that these realizations about Cohan had been "building up" during the past several weeks. He also stated that he was speaking with two possible replacement attorneys. At the January 3 hearing, Cohan stated that he could not function as Willmschen's attorney, and government counsel revealed that there was a conflict regarding Cohan's representation of Willmschen in a prior case.
 
 
 10
 Willmschen did not explain why he did not earlier bring to the attention of the court his dissatisfaction with the quality of Cohan's representation and the apparent conflict regarding the prior case. Hence, the district court did not clearly err by finding that his conduct was dilatory. See Wadsworth, 830 F.2d at 1505. Willmschen's failure to raise these issues before the week of trial and the inconvenience a continuance would have caused outweigh any prejudice to Willmschen; accordingly, under the circumstances of this case, the district court did not err by denying Willmschen's motion for a continuance. See Kelm, 827 F.2d at 1322 & 1322 n. 2.
 
 
 11
 Willmschen also contends that the district court did not hold an adequate hearing before ruling on his continuance motion. He contends that other facts, discussed in the affidavit attached to the notice of appeal of January 8, 1990, would have been brought to the district court's attention if he had new counsel at an evidentiary hearing.[1]
 
 
 12
 In ruling on a motion for a continuance to permit the defendant to retain new counsel, the district court must inquire into the defendant's allegations so as to provide itself with "a sufficient basis for reaching an informed decision." See United States v. McClendon, 782 F.2d 785, 789 (9th Cir.1986) (inquiry required for deciding motion for substitution of appointed counsel) (quoted in United States v. Walker, 915 F.2d 480, 483 (9th Cir.1990)); cf. Wadsworth, 830 F.2d at 1510-11 (defendant who moved for substitution of counsel was entitled to a new attorney at the motion hearing because his former counsel had taken an adversary position against him).
 
 
 13
 Here, at the hearings on January 2 and 3, the district court considered Willmschen's motion and written statement and several times asked him to elaborate on his reasons for needing a continuance. Moreover, the affidavit still did not explain why Willmschen waited until seven days before trial to raise his concerns about Cohan's representation. Under these circumstances, the district court's hearing was adequate. See McClendon, 782 F.2d at 789.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Willmschen's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In the affidavit Willmschen stated that even though he had paid Cohan $17,000, Cohan had not filed any motions on his behalf and had asked for an additional $30,000, which Willmschen could not pay because Cohan's "neglect on [his] behalf" had tied it up. He also stated: "Just days before the motion hearing on Jan. 2, 1990, Mr Cohan told me he would not be there because 'we didn't have enough money'." He stated: "Because Mr Cohan's irresponsibility in responding timely on my behalf, [h]e has allowed my homestead to have a [lien] filed against it after it was placed in escrow for sale.... should the sale be completed, then the state would receive all the proceeds, leaving nothing for me to compensate an attorney...."