19 F.3d 31
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mae NOBLE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jaime Ruiz LOPEZ, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Refugio ESPINOZA, aka Bookie, Defendant-Appellant.
 Nos. 93-10209, 93-10210 and 93-10216.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 8, 1994.
Feb. 28, 1994.
 
 Before HUG, FARRIS, and O'SCANNLAIN, Circuit Judges:
 
 
 1
 MEMORANDUM*
 
 
 2
 A jury convicted Mae Noble, Jaime Lopez, and Refugio Espinoza, of conspiring to manufacture methamphetamine. The court denied the defendants' motions for a new trial and sentenced them each to 188 months imprisonment. The defendants appeal. We affirm.
 
 
 3
 I. The district court did not abuse its discretion in denying Lopez a pretrial continuance.
 
 
 4
 We review the denial of a continuance for an abuse of discretion. A district court abuses its discretion only if the denial of the continuance is arbitrary or unreasonable. United States v. Tham, 960 F.2d 1391, 1396 (9th Cir.1991).
 
 
 5
 We have identified various factors relevant to the review of a denial of a continuance, but at a minimum, Lopez must establish that the district court's denial of the continuance actually prejudiced his defense. Id. at 1396; United States v. Flynt, 756 F.2d 1352, 1359 (9th Cir.1985), as amended, 764 F.2d 675 (1985); see also United States v. Torres-Rodriguez, 930 F.2d 1375, 1384 (9th Cir.1991). Lopez has failed to establish that he suffered actual prejudice.
 
 
 6
 II. The district court's comments during trial did not deprive Lopez and Espinoza of a fair trial.
 
 
 7
 We review a judge's comments during the trial for an abuse of discretion. United States v. Spillone, 879 F.2d 514, 518 (9th Cir.1989), cert. denied, 498 U.S. 878 (1990); United States v. Laurins, 857 F.2d 529, 537 (9th Cir.1988), cert. denied, 492 U.S. 906 (1989). "A judge's participation justifies a new trial only if the record shows actual bias or leaves an abiding impression that the jury perceived an appearance of advocacy or partiality." Laurins, 857 F.2d at 537.
 
 
 8
 "[T]he bottom-line question is whether the judge has made 'it clear to the jury that all matters of fact are submitted to their determination.' " United States v. Kelm, 827 F.2d 1319, 1323 (9th Cir.1987) (quoting Quercia v. United States, 289 U.S. 466, 469 (1933)); United States v. James, 576 F.2d 223, 229 (9th Cir.1978). The answer is: yes.
 
 
 9
 Throughout the trial, the judge repeatedly reminded the jury that they were the ultimate finders of fact and that their view of the evidence should not be influenced by any comments he made or actions he took during the trial. For example, after the defendants raised objections about the judge stating that he might dismiss the charges against Cortes, the judge advised the jury that:
 
 
 10
 In response to certain rulings, I have indicated that if the government does not produce certain evidence, or enough evidence of conspiracy, then I will take certain action. I want you to understand that what action I take is of no import to you because you are the final judges of the facts. Your view of the facts will control, and your view of the facts will determine what verdict you return.
 
 
 11
 (R.T. # 2 at 136). Similarly, in response to the jury's inquiry about Cortes's absence, the judge made it clear that this should have no bearing on the verdicts as to the remaining defendants. The Ninth Circuit considers corrective instructions and admonishments to the jury as significant indications that the jury's province was not infringed. Kelm, 827 F.2d at 1323; James, 576 F.2d at 229.
 
 
 12
 There was no abuse of discretion in ruling that questions regarding a prior investigation of Nash were irrelevant. It was not error to admonish Lopez's counsel for arguing from facts outside the record during closing argument. The remark about Lopez's entrapment defense did not leave an abiding impression on the jury. Further, the harm, if any, was cured by the judge instructing the jury on entrapment and advising it to disregard his comments during the trial.
 
 
 13
 III. The government's comments about the tapes did not affect the jury's ability to judge the evidence fairly.
 
 
 14
 When a defendant has raised an objection at trial, we review a prosecutor's comments for harmless error. The issue is whether the comments, considered in the context of the entire trial, including the defense counsel's conduct, affected the jury's ability to judge the evidence fairly. United States v. Endicott, 803 F.2d 506, 513 (9th Cir.1986); United States v. McKoy, 771 F.2d 1207, 1212 (9th Cir.1985).
 
 
 15
 The prosecution may not bolster a witness's testimony by referring to evidence outside the record. United States v. Roberts, 618 F.2d 530, 533 (9th Cir.1980), cert. denied, 452 U.S. 942 (1981). The only comment by the prosecutor that could even arguably be construed as improper vouching was his response in closing argument to Lopez's counsel's use of the transcripts. The error, if any, was harmless beyond any doubt.
 
 
 16
 Our decision in United States v. Lester, 749 F.2d 1288, 1301-02 (9th Cir.1984) is instructive. In Lester, defense counsel argued that the only evidence of the defendant's guilt was accomplice testimony. The prosecutor responded that he had not offered evidence of the defendant's drug dealing because the judge had not allowed him to do so. We concluded that the remark was improper, but found "such error to be harmless." Id. at 1302.
 
 
 17
 The conduct complained of by Lopez was far less egregious than the Lester prosecutor's comments about evidence of drug dealing. At Lopez's trial, the prosecutor did not claim there were incriminating statements on the tapes that the jury had not heard. Responding to the closing argument by Lopez's counsel, the prosecutor tried to explain that the tapes were not admitted because of their poor quality. The impact of this statement was diminished by the fact that Agent Rodriguez had already testified about the poor quality of some of the tapes.
 
 
 18
 The judge swiftly and properly interrupted the prosecutor. The judge did not immediately admonish the jury to ignore the prosecutor's comments, but he warned the prosecutor that further references to the tapes would be grounds for a mistrial. Cf. United States v. Simtob, 901 F.2d 799, 806 (9th Cir.1990) (stating that the court's response should convey "a sufficient sense of judicial disapproval of both content and circumstance needed to dispel [ ] the harm in the core of the prosecutor's statements"). Viewed in the context of the other incriminating evidence in the record, the conduct of Lopez's counsel, the judge's immediate response, and the jury instructions, the comment did not affect the jury's ability to consider the evidence fairly.
 
 
 19
 IV. There was sufficient evidence to sustain Noble's conviction.
 
 
 20
 "In considering a challenge to the sufficiency of the evidence, we decide 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Medina, 940 F.2d 1247, 1250 (9th Cir.1991) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 
 
 21
 The crime of conspiracy has three essential elements: (1) an agreement to engage in criminal activity, (2) an overt act to implement the agreement, and (3) the requisite intent to commit the substantive crime. Medina, 940 F.2d at 1250. Noble contends that the evidence was insufficient to establish she intended to commit the crime of manufacturing a controlled substance. The record refutes the argument.
 
 
 22
 Noble's statements provide sufficient evidence that she knew the conspiracy's ultimate objective was the manufacture of methamphetamine. She told Agent Rodriguez that she had other acquaintances besides Nash who knew how to "cook" methamphetamine, and stated her interest in buying additional ephedrine, so that she could resell it.
 
 
 23
 V. The district court did not abuse its discretion in refusing a lesser-included defense instruction for Lopez.
 
 
 24
 We have not resolved the proper standard of review for a district court's denial of a requested jury instruction. In some cases, we have applied an abuse of discretion standard; in others, we have reviewed de novo. United States v. Sneezer, 983 F.2d 920, 923 (9th Cir.1992), cert. denied, 114 S.Ct. 113 (1993); United States v. Sitton, 968 F.2d 947, 959 (9th Cir.1992), cert. denied, 113 S.Ct. 1306 (1993). Even under the less deferential de novo standard, the record evidence compels affirmance.
 
 
 25
 A defendant is entitled to a lesser-included defense instruction only if: (1) the elements of the lesser offense are a subset of the charged offense, and (2) a jury rationally could convict him of the lesser offense while acquitting him of the greater. Sitton, 968 F.2d at 959. In determining whether a lesser offense is a subset of a charged offense, we compare the elements of each crime "without regard to the 'inferences that may be drawn from evidence introduced at trial.' " Sneezer, 983 F.2d at 923 (quoting Schmuck v. United States, 489 U.S. 705, 720 (1989)).
 
 
 26
 Lopez recognizes that an attempt to possess or distribute a listed chemical is not an element of the charged offense of conspiring to manufacture a controlled substance. As a matter of law, he was not entitled to the instruction he requested. The fact that the district court allowed the instruction as to Noble, but not as to Lopez, did not prejudice Lopez's defense. The district court properly instructed the jury that it should give separate consideration to each defendant, and not let the verdict as to one affect the verdict as to the others.
 
 
 27
 VI. The jury's rejection of Noble's entrapment defense was reasonable.
 
 
 28
 A jury's verdict rejecting an entrapment defense must be affirmed unless, viewing the evidence in the light most favorable to the prosecution, no reasonable jury could have concluded the defendant was predisposed to commit the offense. United States v. Hart, 963 F.2d 1278, 1283 (9th Cir.1992).
 
 
 29
 There are two elements to the defense of entrapment: government inducement of the crime and the defendant's lack of predisposition to commit the crime. United States v. Skarie, 971 F.2d 317, 320 (9th Cir.1992). Noble cannot "point to 'undisputed evidence making it patently clear that an otherwise innocent person was induced to commit the illegal act by trickery, persuasion, or fraud of a government agent.' " Hart, 963 F.2d at 1283 (quoting United States v. Smith, 802 F.2d 1119, 1126 (9th Cir.1986) (citation omitted)).
 
 
 30
 When assessing the predisposition of a defendant, we consider five factors: "(1) the character of the defendant, (2) who first suggested the criminal activity, (3) whether the defendant engaged in the activity for profit, (4) whether the defendant demonstrated reluctance, and (5) the nature of the government's inducement." Skarie, 971 F.2d at 320. The extent of the defendant's reluctance is the most important factor. United States v. Garza-Juarez, 992 F.2d 896, 908 (9th Cir.1993), cert. denied, 62 U.S.L.W. 3452 (1994).
 
 
 31
 Noble told Rodriguez that she had other acquaintances who knew how to manufacture methamphetamine and expressed interest in buying ephedrine from him so that she could resell it. Noble made her comments after she became a subject of the government's investigation. But unlike the defendant in Skarie, Noble's comments were not prompted by " '[g]overnment acts intended to create predisposition.' " Skarie, 971 F.2d at 321 (quoting Jacobson v. United States, 112 S.Ct. 1535, 1543 (1992)).
 
 
 32
 The exchange of property for ephedrine was initiated by the defendants, not the government. Lopez and Espinoza told Rodriguez that their customers owned property they were interested in trading for two tins of ephedrine.
 
 
 33
 The third factor, profit motive, favors Noble. Although she might have been motivated by the prospect of profiting in the future from other ephedrine deals, she was not compensated for this transaction by either Nash or the government.
 
 
 34
 Noble bases her defense on the fourth factor--the extent of her reluctance. When she first met with Rodriguez, she told him that she did not want to be involved. She said that she had worked hard in the real estate business and did not want to lose everything she had accomplished. Although her concern about being arrested remained constant, her reluctance to assist in the transaction soon faded. She initiated the idea of using property recorded in her name. Later, when Nash did not show up for the last meeting with Rodriguez, she finalized the deal herself and accepted delivery of the ephedrine.
 
 
 35
 Finally, the government did not improperly induce Noble to participate in the crime. Rodriguez reassured Noble by telling her that he was scared too, and that he just wanted to talk to Nash. When she was reluctant to introduce him to Nash, he told her, "You can't be involved because the property is not yours." Although Rodriguez tried to assuage Noble's initial fears about introducing him to Nash, he never tried to convince her to use her own property in the deal or accept delivery of the ephedrine at her home.
 
 
 36
 The record supports the jury's rejection of Noble's entrapment defense.
 
 
 37
 VI. The district court properly instructed the jury regarding the defense of entrapment.
 
 
 38
 When, as here, a defendant does not object to an instruction, we review the instruction for plain error. United States v. Kessi, 868 F.2d 1097, 1103 (9th Cir.1989). "Plain error is highly prejudicial error affecting substantial rights and is found only in exceptional circumstances." United States v. Harris, 738 F.2d 1068, 1072 (9th Cir.1984). The instructions are considered as a whole to determine if an error confused the jury and was highly likely to have materially affected the verdict. Kessi, 868 F.2d at 1103, 1104.
 
 
 39
 At the end of the trial, the judge told the jury that:
 
 
 40
 A person is entrapped when the person had no previous intention to violate the law, and is persuaded to commit a crime by government agents. On the other hand, where a person is already willing to commit a crime, it is not entrapment. The government agents merely provide an opportunity to commit the crime.
 
 
 41
 (emphasis added). Lopez asserts that the judge should have stated that "it is not entrapment, if the government agents merely provide an opportunity to commit the crime." In addition, the judge rejected an entrapment instruction proposed by Lopez that stated the jury must find "beyond a reasonable doubt" the defendant previously had intended to commit the crimes charged. Lopez also points out that at the start of the trial, the judge stated that for the jury to find the defendants guilty, "together, they must prove each" of the elements of the charge "beyond a reasonable doubt." Lopez maintains that viewed together, these instructions confused the jury as to the burden of proof on the entrapment defense and improperly suggested the verdicts as to each defendant should be considered together.
 
 
 42
 With or without the word "if," the judge explained the essence of the entrapment defense: the government persuading a person with innocent intent to commit a crime. In any event, the missing "if" was included in the written instructions submitted to the jury. The judge ensured the absence of confusion regarding the burden of proof or the independence of the verdicts by giving separate instructions on these matters.
 
 
 43
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3