114 F.3d 1196
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charlotte Ann KAHCLAMAT, Defendant-Appellant.
 No. 96-30103.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 6, 1997.
Decided May 28, 1997.
 
 1
 Before: CANBY and TASHIMA, Circuit Judges, and SILVER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 I.
 
 3
 Charlotte Ann Kahclamat was convicted by a jury of two counts of assault resulting in serious injury, in violation of 18 U.S.C. § 113(a)(6). She now appeals her convictions and resulting sentence of 63 months imprisonment, arguing that the district court erred in: (1) refusing to instruct the jury on self-defense; (2) denying her motion to reopen the defense case; (3) denying her motion for a new trial; and (4) denying her motion for a downward departure. We affirm.
 
 II.
 
 4
 Because the parties are familiar with the facts of this case, we repeat them here only as necessary.
 
 III.
 
 5
 Kahclamat initially contends that the district court erred in refusing to instruct the jury on self-defense. A criminal defendant is entitled to a jury instruction on any theory "which provides a legal defense to the charge against him and which has some foundation in the evidence, even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility." United States v. Yarbrough, 852 F.2d 1522, 1541 (9th Cir.1988). A district court, therefore, must instruct the jury on self-defense "if there is evidence upon which the jury could rationally sustain the defense." United States v. Jackson, 726 F.2d 1466, 1468 (9th Cir.1984). The "merest scintilla of evidence," however, will not suffice. Id.
 
 
 6
 The district court concluded that Kahclamat was not entitled to a self-defense instruction because she initiated the events that culminated in her decision to shoot Corona and Salcedo. We agree. One who is an aggressor in a conflict is not entitled to invoke the necessities of self-defense. United States v. Wagner, 834 F.2d 1474, 1486 (9th Cir.1987); cf. Wells v. Murray, 831 F.2d 468, 477 (4th Cir.1987) ("It was simply not open to Wells to claim pure self-defense when he had initiated the altercation by approaching the unarmed victim and pointing a loaded shotgun at him."). Kahclamat may well have believed that she was acting in self-defense at the moment she shot Salcedo and Corona. Nevertheless, the evidence is clear that she was the aggressor in the conflict: Kahclamat was not acting in self-defense when she drove to the Martinez residence armed with a rifle, exited her truck carrying the rifle, pointed the rifle at Salcedo and Corona, and fired warning shots into the ground "as fast as she could pull the trigger." First, Kahclamat testified that she "went back there to talk to them, to ask them if they were going to pay for the window" Salcedo broke on her car, not to protect herself against real or imagined harm. Second, when asked by the police why she took the rifle to the Martinez residence, Kahclamat simply replied, "I don't know. I thought I was just going to scare them, point it at them." Third, Kahclamat's only explanation at trial for why she exited her truck carrying the rifle was that she "wanted just to hold the gun and talk to them." Fourth, and finally, Kahclamat admitted that Salcedo did not run at her or give her any reason to be afraid for her safety until after she fired the rifle into the ground.
 
 
 7
 Under these circumstances, no jury could rationally find that Kahclamat was not the aggressor in the events that culminated in her decision to shoot Salcedo and Corona. As a result, the district court did not err in refusing to instruct the jury on self-defense.
 
 IV.
 
 8
 Kahclamat also contends that the district court abused its discretion[1] in denying her motion to reopen the defense case after it refused to instruct the jury on self-defense. We reject the contention. "The court may refuse to permit an accused to reopen his case, and present additional evidence, where there is insufficient reason for the accused's failure to offer evidence at the proper time." United States v. Kelm, 827 F.2d 1319, 1323 (9th Cir.1987). Here, there is no reason for Kahclamat's failure to offer in her case-in-chief all of the evidence that could have conceivably supported her self-defense claim. She had over two months following her arraignment to prepare her self-defense case, and self-defense was her only defense at trial. The district court was well within its discretion, therefore, to refuse to permit Kahclamat to reopen the case in an attempt to add testimony narrowly tailored to the deficiencies that it had identified in her evidence of self-defense.
 
 V.
 
 9
 Next, Kahclamat contends that the district court erred in denying her motion for a new trial. In her view, because "[i]t is hard to imagine an error that more substantially affects the jury's decision than the decision not to instruct on the theory of the defense," "the decision of the district court resulted in a miscarriage of justice that requires reversal." We have already held, however, that Kahclamat was not entitled to a self-defense instruction. The district court, therefore, did not err in denying Kahclamat's motion for a new trial.
 
 VI.
 
 10
 Finally, Kahclamat contends that the district court erred in denying her motion to depart downward at sentencing on the ground that the shooting had been a single act of aberrant behavior. A district court's discretionary refusal to depart downward, however, is not reviewable. United States v. Diamond, 53 F.3d 249, 253 (9th Cir.), cert. denied, 116 S.Ct. 326 (1995). Here, the district court's denial of Ms. Kahclamat's motion was clearly discretionary: the district court found that there was nothing in the record or in its recollection of the testimony at trial that would authorize or warrant a downward departure in Ms. Kahclamat's situation. We thus decline to review the district court's decision not to depart downward.
 
 VII.
 
 11
 Kahclamat's convictions and sentence are AFFIRMED.
 
 
 
 *
 The Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We review for abuse of discretion a district court's denial of a motion to reopen. United States v. Simtob, 901 F.2d 799, 804 (9th Cir.1990)