UNITED STATES of America,
Plaintiff—Appellee,

v.

Terri Yvonne LEWIS, Defendant—
Appellant.

No. 03–10407.

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2005.*

Decided June 21, 2005.

Sheila K. Oberto, Esq., USF—Office of the U.S. Attorney, Fresno, CA, for Plaintiff—Appellee.

Carrie Leonetti, FPDCA—Federal Public Defender's Office, Fresno, CA, for Defendant—Appellant.

Before: GOODWIN, REAVLEY,** and RAWLINSON, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

## MEMORANDUM ***

■ 1. In light of Lewis' refusal (or inability) to hire her own attorney, to accept appointed counsel, or to represent herself, the district court's determination that she forfeited her right to counsel was "fair and reasonable." *United States v. Kelm*, 827 F.2d 1319, 1322 (9th Cir.1987) (holding that "[i]n light of Kelm's persistent refusal to accept an appointed attorney, to hire his own attorney, or to expressly waive his right to an attorney," the district court's decision forcing Kelm to represent himself was "fair and reasonable.").

■ 2. The district court did not abuse its discretion in denying Lewis' motion to withdraw her guilty plea. The court's extensive Rule 11 plea colloquy with Lewis at her change of plea hearing is "strong evidence" that Lewis' guilty plea was knowing and voluntary. *United States v. Nostratis*, 321 F.3d 1206, 1209 (9th Cir.2003). In addition, the court was entitled to give greater weight to Lewis' testimony given under oath and in open court during the plea colloquy than to her subsequent statements made after she knew her likely sentence. *Id.* at 1210.

■ Nor was Lewis entitled to an evidentiary hearing. The court adequately inquired into the voluntariness of Lewis' plea during the hearing on Lewis' motion to withdraw her plea. *Cf. United States v. Caro*, 997 F.2d 657, 659–60 (9th Cir.1993) (remanding for a full hearing on defendant's motion to withdraw his plea where the court did not know that defendant was a party to a "package deal plea" and therefore did not engage in a "more careful examination" of voluntariness as required in such situations).

■ 3. There was not "substantial evidence of incompetence" in this case to require the district court, *sua sponte*, to hold a competency hearing. *See United States v. Fernandez*, 388 F.3d 1199, 1251 (9th Cir.2004). There is no evidence in the record that Lewis was unable to assist in her defense or that her refusal to retain counsel was due to an abnormal mental condition. *Cf. United States v. Friedman*, 366 F.3d 975, 981 (9th Cir.2004) (finding that Friedman's refusal to assist in his defense was a "direct result of his paranoid schizophrenia" and therefore upholding the district court's determination of incompetence).

AFFIRMED.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.