**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Dennis M. HELGUERO, Defendant— Appellant.**

No. 05–50399.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 2006.

Decided March 17, 2006.*

* Withdrawn on denial of rehearing by 2006 WL 2023146.

Becky S. Walker, Esq., Michael J. Raphael, Esq., USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, Todd T. Tristan, Esq., USSA–Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

H. Dean Steward, Esq., San Clemente, CA, for Defendant–Appellant.

Before: MCKEOWN and BERZON, Circuit Judges, and KING,* Senior Judge.

### MEMORANDUM**

Dennis Helguero appeals his conviction under 18 U.S.C. § 922(a)(6) for knowingly

---

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

making a false written statement in an attempt to purchase a firearm. The jury was instructed pursuant to *United States v. Jewell*, 532 F.2d 697, 704 (9th Cir.1976) that the requirement of "knowingly" could be satisfied by deliberate ignorance. The jury convicted Helguero after receiving the instruction. Helguero appeals his conviction on three grounds: (1) the *Jewell* instruction was improper; (2) the Department of Alcohol, Tobacco and Firearms (ATF) form was vague; and (3) that counsel was ineffective. We conclude that the *Jewell* instruction was given in error but the error was harmless; the form was not vague; and the record is not sufficient to determine ineffective assistance of counsel. We therefore affirm.

### I. *Jewell* Instruction

*Jewell* instructions are appropriate only in narrow circumstances. *See, e.g., United States v. Fulbright*, 105 F.3d 443, 447 (9th Cir.1997); *United States v. Kelm*, 827 F.2d 1319, 1323–24 (9th Cir.1987); *United States v. Garzon*, 688 F.2d 607, 609 (9th Cir.1982). "There must be evidence that the defendant purposely avoided learning all the facts *in order to have a defense in the event of being arrested and charged.* It is not enough that the defendant was mistaken, recklessly disregarded the truth or negligently failed to inquire." *Kelm*, 827 F.2d at 1324 (emphasis added) (internal citations omitted).

■ *Jewell* instructions are suited to cases in which the defendant avoided knowing *facts*, such as whether there were drugs in the car, as opposed to cases in which the defendant avoided knowing the *law*, such as whether importation of drugs is illegal. *See, e.g., Perez–Padilla*, 846 F.2d 1182, 1183 (9th Cir.1988); *Jewell*, 532 F.2d at 704. *Jewell* instructs that deliberate ignorance satisfies a "knowledge" requirement when it represents the defendant's

"calculated effort to avoid the sanctions of the statute while violating its substance." *Jewell*, 532 F.2d at 704. One must know the substance of a law to attempt to avoid its sanctions. For that reason, in circumstances such as this one, in which the defendant claims legal ignorance, the instruction is generally irrelevant and improper.

Furthermore, there is no evidence that Helguero consciously avoided learning that his conviction was still valid several years later or that he should have included the conviction when answering the ATF form. The government neither alleged nor proved that the store clerk asked Helguero whether he wished for clarification regarding any of the questions or that Helguero stated that he would rather not know the reach of the question. If Helguero's story is to be believed, it must be true that he operated under a mistaken view regarding the significance of prior convictions or the reach of the questions on the form. If Helguero's story is not to be believed, then he *actually knew* that he was lying on the form. A *Jewell* instruction was therefore improper. *See, e.g., Kelm*, 827 F.2d at 1324.

■ The error in giving the jury the *Jewell* instruction was, however, harmless. As was true in *Fulbright*, in this case, "the *Jewell* instruction essentially allowed the jury to conclude that [the defendant] was not ignorant of the law. Since ignorance of the law is not a defense, there was no harm in instructing the jury that [the defendant] knew or recklessly avoided knowing the law." *Fulbright*, 105 F.3d at 447. Thus, even if the jury concluded that Helguero was deliberately indifferent regarding the legal significance of his criminal record, any such conclusion was harmless under a controlling precedent.

## II. Vagueness of ATF Form

Helguero also claims that because question 9(c) on ATF Form 4473 was vague, he cannot be convicted for misunderstanding what it asked. The question, however, was not vague.

Question 9(c) asked, "Have you been convicted of a crime ... ?" Helguero asserts that because the question did not ask whether he had *ever* been convicted of a crime, it was a fair interpretation to read the question as asking if he had been convicted of a crime less than seven years ago. The question, however, stated no time constraints. Reading in what is not there does not make the question vague.

## III. Ineffective Assistance of Counsel

Finally, Helguero complains of ineffective assistance of trial counsel. Claims of ineffective assistance of counsel are generally inappropriate on direct appeal. *United States v. McKenna*, 327 F.3d 830, 845 (9th Cir.2003). There are two exceptions to this general rule: "(1) when the record on appeal is sufficiently developed to permit review and determination of the issue, or (2) when the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." *Id.*

Helguero makes no argument that trial counsel's representation rose to the level of inadequacy envisioned by the second exception. Helguero does argue, however, that because the district court "ordered a declaration from trial counsel, setting out what he did and did not do," the record is sufficiently developed for direct appeal concerning this claim. The declaration, submitted with the government's opposition to the defendant's writ

of error coram nobis, filed with and denied by the district court, shows that all the claimed errors were at least arguably tactical decisions. Whether the asserted errors were or were not tactical decisions must be resolved on habeas review, as the court can then hold an evidentiary hearing if necessary. The claim is therefore not ripe for review.

## AFFIRMED