**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**James TRUMBAUER, a/k/a James Roy Trumbauer, Defendant—Appellant.**

**No. 05–50408.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 15, 2006.

Filed Oct. 20, 2006.

Becky S. Walker, Esq., USLA—Office of the U.S. Attorney, Los Angeles, CA, Nguyen–Hong K. Hoang, Esq., Terri K. Flynn, Esq., USSA—Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Kenneth M. Miller, Esq., San Clemente, CA, for Defendant–Appellant.

Before: KOZINSKI, O'SCANNLAIN, and BYBEE, Circuit Judges.

MEMORANDUM *

James Trumbauer appeals his conviction for conspiracy to possess ecstasy with intent to distribute in violation of 21 U.S.C. § 846 and for possession with intent to distribute ecstasy in violation of 21 U.S.C. § 841(a)(1). Trumbauer challenges the district court's admission of the testimony of Patrick Matsuda as rebuttal evidence and the district court's refusal to allow the defense to reopen its case in order to offer the testimony of Delores Shellhammer. The facts and prior proceedings are known

to the parties and are repeated herein only as necessary.

### I

■ The district court did not abuse its discretion in admitting Matsuda's testimony to prove motive, intent, and absence of mistake. Character evidence that is inadmissible to prove propensity may be admissible "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." FED.R.EVID. 404(b); see also United States v. Hadley, 918 F.2d 848, 850 (9th Cir.1990). The evidence here was relevant and material to the case, as knowledge and specific intent are respective elements of conspiracy and of possession of ecstasy with intent to distribute. See 21 U.S.C. §§ 841(a)(1), 846; see also United States v. Schmidt, 947 F.2d 362, 367 (9th Cir.1991); United States v. Holler, 411 F.3d 1061, 1067 (9th Cir.2005).

■ Moreover, the district court properly balanced the probative and prejudicial value of the evidence. See FED.R.EVID. 403. Any possible error in admitting the evidence was harmless, because the district court provided limiting instructions and abundant evidence had been introduced against the defendant. See United States v. Holler, 411 F.3d at 1067; see also United States v. Morales, 108 F.3d 1031, 1040 (9th Cir.1997).

### II

■ The district court did not abuse its discretion in allowing Matsuda's testimony as rebuttal evidence. Where a defendant claims that he was present in an area with an innocent purpose, the government may offer evidence to rebut such claim. See United States v. Howell, 231 F.3d 615, 628

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

(9th Cir.2000); *United States v. Sager,* 227 F.3d 1138, 1148 (9th Cir.2000); *United States v. Arambula–Ruiz,* 987 F.2d 599, 602–03 (9th Cir.1993). In this case, Trumbauer offered testimony that he had no unlawful purpose in parking his car close to the drug transaction. Matsuda's testimony rebutted this argument by suggesting motive and intent to engage in illegal drug activity.

### III

■ The district court did not abuse its discretion in denying Trumbauer's motion to reopen. A court may refuse to permit a defendant to reopen his case and to present additional evidence where there is insufficient reason for the accused's failure to offer evidence at the proper time. *United States v. Kelm,* 827 F.2d 1319, 1323 (9th Cir.1987); *United States v. Ramirez,* 608 F.2d 1261, 1267 (9th Cir.1979). In this case, Trumbauer had earlier opportunities to call Shellhammer, but chose to wait, apparently hoping that Matsuda would not be permitted to testify. When Shellhammer's health declined, Trumbauer had the choice to seek a mistrial. Having failed to use these opportunities before the case was closed, Trumbauer lost his chance to reevaluate his earlier strategic decision.

AFFIRMED.