UNITED STATES of America, Plaintiff–Appellee,

v.

Barham Khan NABAIE, Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Barham Khan Nabaie, Defendant–
Appellant.

Nos. 01–50619, 01–50659.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 16, 2007.

Filed March 21, 2007.

Miriam A. Krinsky, AUSA, Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Gail Ivens, Esq., Glendale, CA, for Defendant–Appellant.

Before: CANBY, THOMAS, and WARDLAW, Circuit Judges.

## MEMORANDUM *

In this consolidated appeal, Barham Khan Nabaie challenges his convictions re-

---

* This disposition is not appropriate for publica-

tion and is not precedent except as provided

sulting from two separate trials. In one trial he was convicted of conspiracy to sell or deliver counterfeit securities and six counts of dealing counterfeit securities (appeal No. 01–50659). In the other trial he was convicted of attempted bank fraud and possession of counterfeit currency (appeal No. 01–50619). We have jurisdiction under 28 U.S.C. § 1291, and we reverse both convictions.

█ Because the parties are familiar with the factual and procedural histories of these cases, we need not recount them here.

Nabaie represented himself in the trial of No. 01–50659. He contends that his conviction must be reversed because he was not adequately advised of the nature of the charges and the possible penalties so as to make his waiver of counsel knowing and intelligent. *See Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). The government concedes that Nabaie was not informed at the *Faretta* colloquy of the nature of the charges and the possible penalties. Relying on *United States v. Kelm*, 827 F.2d 1319 (9th Cir.1987), however, it argues that the usual *Faretta* analysis does not apply here because Nabaie had engaged in dilatory tactics to the point where he was left no choice but to represent himself. The government contends that *Faretta* warnings are intended only to aid meaningful choice and do not apply to Nabaie, who did not want to represent himself but felt forced to do so when the district court denied his motion for yet another continuance.

The record does not support the government's argument. It is true that Nabaie was denied a continuance, but he does not appeal that ruling. The district court advised Nabaie that he was going to trial the next day, and Nabaie could either accept the counsel that he objected to or represent himself. Nabaie reluctantly chose to represent himself. He made that choice without the warnings required by *Faretta*.

The government's reliance on *Kelm* is misplaced. There, we held that the district court properly denied the defendant's request for a fourth continuance after it determined that he was "manipulating his constitutional right to counsel in an effort to effect delay." *Id.* at 1322. Although the validity of the defendant's *Faretta* waiver was not at issue in *Kelm*, we noted that "the record as a whole [demonstrates] that Kelm understood the dangers and disadvantages of self-representation." *Id.* Nothing in *Kelm*, or any other case relied on by the government, suggests that the constitutional requirement of a knowing and intelligent waiver is inapplicable when a defendant engages in dilatory conduct and is finally denied a continuance.

The government alternatively contends that Nabaie's knowing and intelligent waiver is apparent from the record. After reviewing the record, we conclude that it contains insufficient evidence that Nabaie understood, at the time of the purported waiver, the nature of the charges or the possible penalties. Because the government has not carried its burden of showing a knowing and intelligent waiver, we reverse Nabaie's judgment of conviction in No. 01–50659 and remand for a new trial. *See United States v. Erskine*, 355 F.3d 1161, 1171 (9th Cir.2004) *(Faretta* error is not subject to harmless error analysis).

█ Nabaie argues that his conviction in No. 01–50619 also must be reversed because the district court allowed improper use of poverty evidence. We agree. Nabaie's direct testimony that he was a "legitimate" businessman did not open the

by 9th Cir. R. 36–3.

door for inquiry during cross-examination into whether his car had been repossessed for non-payment, whether he was in arrears in his rent, and whether his business was subject to an unlawful detainer action for nonpayment of rent. The district court abused its discretion by allowing inquiry into those matters and also by permitting the prosecution to argue during rebuttal in closing that this "poverty evidence" constitutes proof of Nabaie's motive to commit the crimes charged. *See United States v. Mitchell,* 172 F.3d 1104, 1110 (9th Cir. 1999) ("That a person is feckless and poor, or greedy and rich, without more, has little tendency to establish that the person committed a crime to get more money, and its probative value is substantially outweighed by the danger of unfair prejudice.").

We cannot say that these errors were harmless. At trial, Nabaie's counsel disputed Nabaie's knowledge of the fraud and effectively raised some ambiguity concerning Nabaie's involvement in the alleged conspiracy after the bank account was opened. Because the judge instructed the jury prior to the final arguments, one of the last things the jurors heard before retiring to deliberate was the prosecution's improper rebuttal argument that Nabaie's poor financial condition was proof of motive. Finally, we can surmise that the jury found this to be a difficult case because, despite the relative brevity of the trial, it deliberated for two days before reaching its verdict. Accordingly, we reverse Nabaie's judgment of conviction in No. 01–50619, and remand for a new trial.

Nos. 01–50619 and 01–50659 RE-VERSED and REMANDED.