**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Dean E. LILLIE, Defendant–Appellant.**

**No. 91–30169.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 5, 1992.

Decided March 18, 1993.

---

William A. Cohan, Jennifer A. Greene, Cohan & Greene, Encinitas, CA, for defendant-appellant Dean E. Lillie.

Robert E. Lindsay, Alan Hechtkopf, Karen Quesnel, U.S. Dept. of Justice, Washington, DC, for plaintiff-appellee U.S.

Before D.W. NELSON, REINHARDT and KOZINSKI, Circuit Judges.

KOZINSKI, Circuit Judge:

We consider whether a criminal defendant is entitled to change retained counsel at the last minute before trial.

**A.** Dean Lillie was charged with tax evasion and conspiracy to obstruct the IRS. On the morning trial was to start, Lillie told the court he wanted to replace his appointed counsel, Emily Simon, with William A. Cohan, a lawyer retained by Lillie's family. Though Lillie didn't claim Simon was incompetent, he did say he felt she was less experienced in criminal tax matters than Cohan. The district court denied the motion, apparently because it thought Simon was doing a good job and because there was no lack of communication between Lillie and Simon. RT 12/4/90 (in chambers) at 3–4, 9–10. The trial went forward, and Lillie was convicted. He now claims the district court deprived him of his constitutional right to counsel.

**B.** A criminal defendant is entitled to the retained counsel of his choice (though not to the appointed counsel of his choice). U.S. Const. amend. VI; *Wheat v. United States*, 486 U.S. 153, 159, 108 S.Ct. 1692, 1697, 100 L.Ed.2d 140 (1988). This

isn't an absolute right; it may be abridged to serve some compelling purpose. But the defendant can't be denied his choice of retained counsel just because the request comes late, or the court thinks current counsel is doing an adequate job. *See, e.g., United States v. Torres–Rodriguez,* 930 F.2d 1375, 1380 n. 2 (9th Cir.1991); *United States v. Kelm,* 827 F.2d 1319, 1322 (9th Cir.1987); *United States v. Collins,* 920 F.2d 619, 626 (10th Cir.1990), *cert. denied,* — U.S. ——, 111 S.Ct. 2022, 114 L.Ed.2d 108 (1991).

■ When a request for substitution of counsel is made on the eve of trial, it presents the court with a difficult problem. Granting the motion to substitute may delay the trial, seriously inconveniencing the court, opposing counsel and witnesses. Denying the substitution, on the other hand, denies defendant the lawyer he wants. If the motion for substitution necessarily leads to a continuance because the new lawyer isn't prepared to proceed, the court may (depending on the reasons for the proposed substitution) have discretion to deny the request: A defendant's right to retained counsel of his choice doesn't include the right to unduly delay the proceedings. Nor does a defendant have a right to insist on new counsel and then turn around and claim the lawyer was ineffective at trial because he didn't have time to prepare. In this case, then, it would have been perfectly appropriate for the district court to inquire into the new counsel's preparedness, and to condition the granting of the motion on defendant's (and new counsel's) willingness to continue with the existing schedule. Similarly, a district judge might be justified in obtaining the defendant's waiver of any ineffective assistance of counsel claim growing from the late substitution. *See United States v. McClendon,* 782 F.2d 785, 786 (9th Cir. 1986). But the district judge may not deny the motion solely because it's late.

■ The court here refused substitution without inquiring whether Cohan was prepared to proceed with the trial, despite Lillie's representation that "we are prepared to proceed and Mr. [Cohan] tells me

he is so prepared and I feel that he is prepared." RT 12/4/90 at 4–5. The court didn't give Lillie a chance to make any of the concessions and waivers discussed above, and it didn't make any findings about the likelihood of delay. Absent some such finding, a denial of substitution is an abuse of discretion.

■ There may be other reasons for refusing to allow a substitution, for instance the new counsel's ethical unfitness. *See Collins,* 920 F.2d at 626. But the court never found Cohan was ethically unfit or would obstruct the trial, though it was displeased by some of his conduct. *See* RT 12/4/90 at 10 ("I am just worried enough about this situation as a whole to merely comment on it in the record, but not decid[e] anything about it"); *Collins,* 920 F.2d at 625–26. In the absence of any finding counsel is ethically unfit, it's irrelevant that the district judge would be more comfortable with another lawyer. It's the client's comfort, not the judge's, that the Sixth Amendment protects.

■ Finally, that Cohan isn't a member of the Oregon bar was not an adequate reason to deny substitution. A defendant's right to the counsel of his choice includes the right to have an out-of-state lawyer admitted *pro hac vice. Collins,* 920 F.2d at 626.

REVERSED.