**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Pierre Clifton MARSHALL,
Defendant–Appellant.**

No. 93–50574.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 1, 1994.

Submission Vacated Sept. 29, 1994.

Resubmitted April 5, 1995.

Decided June 14, 1995.

Arthur H. Weed, Santa Barbara, CA, for defendant-appellant.

Walter F. Brown, Jr., Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellee.

Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.

FARRIS, Circuit Judge:

The principal question presented is whether the district court abused its discretion in denying Marshall's motion for discovery based upon his claim of discriminatory prosecution.

## I. BACKGROUND

From 1985 to 1992, Marshall possessed and distributed cocaine, cocaine base, and heroin in Southern California and Seattle, Washington. In June 1990 officers searched Marshall's apartment and seized 5,240 grams of cocaine base as well as 1,349 grams of cocaine. The cocaine base alone was worth over $1 million. The officers also found materials used to manufacture cocaine into cocaine base. In May 1992 Marshall was in-dicted on three counts of narcotics violations, 21 U.S.C. § 841(a)(1), one count of structuring financial transactions to avoid reporting requirements, 31 U.S.C. § 5324(3), and two counts of money laundering, 18 U.S.C. § 1956(a)(1)(B).

Marshall, who is Black, filed a motion for discovery alleging discriminatory prosecution. He attached affidavits from the Federal Public Defender's office stating that all twenty-three of the defendants represented by the Public Defender's office for violations of 21 U.S.C. § 841 and 21 U.S.C. § 846 were Black. Marshall also included an article from the Los Angeles Times dated November 23, 1992. The article cited studies suggesting that ninety percent of all federal crack defendants are Black. The district court denied Marshall's motion.

The jury found Marshall guilty of all six counts. Marshall moved for a new trial, which the district court denied. Marshall appeals.

## II. DISCUSSION

### A. DISCRIMINATORY PROSECUTION

Marshall contends that the district court erred in denying his motion for discovery or dismissal of the indictment based on his claim of discriminatory prosecution. We review a denial of discovery relating to a selective prosecution claim for abuse of discretion. *United States v. Armstrong*, 48 F.3d 1508, 1512 (9th Cir.1995) (en banc). We reject the argument.

"[T]o obtain discovery on a selective prosecution claim, a defendant must present specific facts, not mere allegations, which establish a colorable basis for the existence of both discriminatory application of a law and discriminatory intent on the part of government actors." *Id.* at 1512–13 (citing *United States v. Bourgeois*, 964 F.2d 935, 937 (9th Cir.1992)). Marshall carries the burden of overcoming the rational presumption that the United States Attorney chose to prosecute him because of the size of his drug dealing operation and the sums involved in his illegal financial transactions, rather than his race. He has introduced no evidence that

the United States Attorney has targeted large-scale, non-white drug dealers for prosecution. Nothing even suggests that the defendants in the Federal Public Defender's survey were similarly situated to Marshall. The district court did not abuse its discretion in denying the discovery motion.

## B. OTHER ISSUES

■ We reverse Marshall's conviction on count one of the indictment for illegally structuring a financial transaction in violation of 31 U.S.C. § 5324(3). The district court did not instruct the jury that the government had to prove that Marshall knew the structuring he undertook was illegal. *Ratzlaf v. United States,* —— U.S. ——, ——, 114 S.Ct. 655, 663, 126 L.Ed.2d 615 (1994); *see also United States v. Caldwell,* 989 F.2d 1056, 1060 (9th Cir.1993) ("Failing to instruct jurors about an essential element of a crime is constitutional error because it lets them convict without finding the defendant guilty of that element.").

■ We reject Marshall's argument that the district court erred in denying his motion for a new trial. In his motion, Marshall asserted that the government failed to produce a tape recording of a telephone call that Marshall had placed on October 5, 1992, from the detention center to Darryl Green, the government's principal witness. He argued that the government violated his due process rights by withholding the tape recording, which, Marshall asserted, contained exculpatory evidence. *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963).

On appeal, Marshall has reshaped his argument. He no longer argues that the government *deliberately* withheld potentially exculpatory evidence in violation of *Brady.* Instead, Marshall contends that his lack of access to the tape recording deprived him of his due process right to present a defense. *Cf. Chambers v. Mississippi,* 410 U.S. 284, 294, 93 S.Ct. 1038, 1045, 35 L.Ed.2d 297 (1973); *United States v. Scott,* 789 F.2d 795, 799 (9th Cir.1986). Without the tape recording, Marshall argues, he was unable to cross examine Green effectively.

However Marshall frames his due process claim, he must show "a reasonable probability that, had evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *United States v. Kennedy,* 890 F.2d 1056, 1058 (9th Cir.1989) (quoting *United States v. Bagley,* 473 U.S. 667, 683, 105 S.Ct. 3375, 3384, 87 L.Ed.2d 481 (1985)), *cert. denied,* 494 U.S. 1008, 110 S.Ct. 1308, 108 L.Ed.2d 484 (1990); *see also Scott,* 789 F.2d at 799–800 (considering whether the verdict was affected).

■ The district court properly concluded that Marshall had not established a reasonable probability that the failure to produce the tape recording affected the verdict. Marshall claimed that during the October 5, 1992, telephone conversation, Green had admitted lying to the government agents who were investigating Marshall. Green disputed Marshall's account of their conversation, and Green's testimony was corroborated by documentary, forensic, and testimonial evidence. Impeachment evidence does not warrant a new trial unless the testimony was "uncorroborated and provided the only evidence of an essential element of the government's case." *United States v. Davis,* 960 F.2d 820, 825 (9th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 210, 121 L.Ed.2d 150 (1992). Further, Marshall had ample opportunity to impeach Green at trial. Marshall questioned Green about their several telephone conversations after Marshall's arrest, introduced Green's prior convictions, and made Green admit that he was hoping his cooperation would help him obtain a more lenient sentence.

We REVERSE Marshall's conviction and sentence for illegally structuring monetary transactions and AFFIRM Marshall's conviction and sentence on the remaining counts.