81 F.3d 167
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rene DELEON, Petitioner-Appellee,
v.
James GOMEZ, Director, California Department of Corrections
Respondent-Appellant.
 No. 95-55653.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 4, 1996.
Decided March 28, 1996.
 
 Before: SKOPIL, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James Gomez, Director of the California Department of Corrections, (the "state") appeals the district court's grant of Rene Deleon's petition for writ of habeas corpus. The district court ruled that the state trial court violated Deleon's sixth amendment right to counsel by refusing to grant a continuance to allow Deleon to substitute private counsel. We reverse and remand for an evidentiary hearing.
 
 
 3
 A criminal defendant has a sixth amendment right to retained counsel of choice. United States v. Lillie, 989 F.2d 1054, 1055 (9th Cir.1993). We disagree with the state that Deleon's request for a continuance did not implicate this constitutional right. Deleon's sole stated reason for requesting the additional time was to substitute counsel. Moreover, the trial court characterized Deleon's request as a motion to substitute counsel, stating, "Your request to hire private counsel is not timely made." (emphasis added).
 
 
 4
 We have held that a defendant's sixth amendment right to retained counsel of choice "may be abridged to serve a compelling purpose." United States v. D'Amore, 56 F.3d 1202, 1204 (9th Cir.1995). A compelling purpose may exist when allowing a motion to substitute counsel would delay the proceedings, and the government's interest in a prompt adjudication outweighs the defendant's need for new counsel to defend himself adequately. Id.
 
 
 5
 Whether substituting counsel will result in a delay necessarily depends on the circumstances of each case. See, e.g., United States v. Garcia, 924 F.2d 925, 926 (9th Cir.), cert. denied, 501 U.S. 1210 (1991). The state court record in this case, however, does not indicate whether delay was certain. In particular, the record does not indicate whether Deleon had actually retained an attorney and whether the attorney was prepared to proceed with the existing trial schedule. Because Deleon's claim cannot be resolved based on the state court record alone, the district court erred in failing to hold an evidentiary hearing. See Chacon v. Wood, 36 F.3d 1459, 1463 (9th Cir.1994).
 
 
 6
 We reject the state's contention that a remand is not necessary because Deleon cannot show that he was prejudiced by the denial of his request. Such harmless error analysis does not apply to a claim based on the sixth amendment right to substitute counsel. See Bland v. California Department of Corrections, 20 F.3d 1469, 1478 (9th Cir.), cert. denied, 115 S.Ct. 357 (1994).
 
 
 7
 REVERSED and REMANDED for an evidentiary hearing.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3