97 F.3d 1463
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marcos SIORDIA-FELIX, Defendant-Appellant.
 No. 93-50720.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 8, 1996.
Decided Sept. 26, 1996.
 
 Before: BROWNING, WALLACE, and FARRIS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 A criminal defendant has a Sixth Amendment right to retain counsel of his choice. See Wheat v. United States, 486 U.S. 153, 159 (1988). "Absent ... a compelling purpose, ... it is a violation of the Sixth Amendment to deny a motion to substitute counsel and an error that must be reversed, regardless of whether prejudice results." United States v. D'Amore, 56 F.3d 1202, 1204 (9th Cir.1995). A compelling purpose may exist "when granting the motion would lead to a delay in the proceedings and the Government's interest in the prompt and efficient administration of justice outweighs the defendant's need for new counsel to adequately defend himself." Id. (emphasis added). Thus, "even when the motion is made on the day of trial, the court must make a balancing determination, carefully weighing the resulting inconvenience and delay against the defendant's important constitutional right to counsel of his choice." Id. at 1206.
 
 
 3
 Since Siordia-Felix requested substitute counsel on the day of trial and his retained attorney, Mr. Hodges, was not prepared to go forward immediately, granting the request would have required a continuance. However, the district court cannot deny a motion for substitute counsel solely because it comes late. United States v. Lillie, 989 F.2d 1054, 1056 (9th Cir.1993). Once a request for substitute counsel is made, an inquiry into defendant's reasons is required. Bland v. California Dept. of Corrections, 20 F.3d 1469, 1477 (9th Cir.1994). "Before the district court can engage in a measured exercise of discretion, it must conduct an inquiry adequate to create a 'sufficient basis for reaching an informed decision.' " D'Amore, 56 F.3d at 1205 (quoting United States v. McClendon, 782 F.2d 785, 789 (9th Cir.1986)). Moreover, "absent inquiry on the record, there is no way to determine whether it would have been proper to grant [the] request." Bland, 20 F.3d at 1477.
 
 
 4
 The district court denied Siordia-Felix's request without inquiring how long Mr. Hodges would have needed to prepare or how much inconvenience would have been caused by the delay.[1] D'Amore, 56 F.3d at 1205, 1207. The court did not inquire of the Government whether a delay would inconvenience witnesses or jurors or otherwise interfere with the prompt and efficient administration of justice. Id. at 1204. "[B]ecause we do not know how long the defendant's new counsel would have required to prepare for the hearing and what inconvenience this would have caused for the witnesses and the court, we cannot say that the consequences of delay justified denial of the motion." Id. at 1207.
 
 
 5
 This was not a complex case. Siordia-Felix's appointed counsel, Ms. Brewer, called three witnesses and the trial lasted five days.[2] Mr. Hodges was not ready to proceed on the day set for trial, but the district court had no reason to believe Hodges would have required an inordinate amount of time to prepare. The district court could not have known how long the delay might have been because it failed to inquire.[3]
 
 
 6
 Nor do we know whether Siordia-Felix and appointed counsel were in irreconcilable conflict. Despite Mr. Hodges' statement that Siordia-Felix believed his defense was being improperly prepared and presented, the court initially refused to hear from Mr. Hodges.[4] Siordia-Felix's declaration, prepared the day of his request and filed two days later, alleged that Ms. Brewer failed to locate witnesses, failed to conduct discovery regarding a confidential informant, and refused to let Siordia-Felix testify. If the court had made the appropriate inquiry, it would have discovered and considered these concerns before rejecting the request.
 
 
 7
 After a recess, the court permitted Siordia-Felix and Ms. Brewer to address the court before denying the motion a second time. Since the district court could reconsider its order denying the motion, the court's comments both before and after the recess are relevant in evaluating the adequacy of the court's inquiry. Taking the responses together, the record shows there was cause for concern, warranting further exploration. See Torres-Rodriguez, 930 F.2d at 1381 ("What little the record does suggest is decidedly not reassuring."). Siordia-Felix, who is not fluent in English, told the court his family was unhappy with appointed counsel's performance, that Ms. Brewer had met with him only once, and that he did not know when the trial was scheduled. These allegations called for at least some formal inquiry. Moreover, appointed counsel's statements to the court suggested a significant lack of communication between counsel and client. Ms. Brewer complained that Siordia-Felix had not given her the names of any witnesses, that Siordia-Felix was "not cooperating" with her, that she was "put out by being picked on in this way," and that she feared a claim of ineffective assistance of counsel.
 
 
 8
 Because the court made no inquiry into these concerns before denying defendant's request to substitute retained counsel for trial, it lacked the information necessary to balancing the competing interests. The court's failure to inquire "deprived this court of a record for review and [Siordia-Felix] of an opportunity to obtain a full exploration of his concerns about his appointed counsel's performance." D'Amore, 56 F.3d at 1205.
 
 
 9
 The fact that the court held an informal hearing on Siordia-Felix's complaints about counsel at a bench conference in the middle of the trial, did not solve the problem. Even assuming the court's midtrial inquiry would have provided the information necessary to a measured judgment on defendant's request if it had been elicited before that judgment was made, it was obtained two days after the court had committed itself to deny counsel and the defendant had been without counsel of his choice during two days of trial.
 
 
 10
 The district court can engage in a measured exercise of discretion only if the inquiry necessary to obtain a sufficient basis for reaching an informed decision is obtained before the decision is reached. Defendant was entitled to have the decision on the merits of his motion made, and to have that decision reviewed, free of the influences so likely to distort the decisions of the trial and appellate courts after the bell has been rung.
 
 
 11
 There is no evidence Siordia-Felix was manipulating his right to counsel to effect delay. Cf. United States v. Kelm, 827 F.2d 1319, 1322 (9th Cir.1987). The district court noted that Siordia-Felix had changed attorneys four months earlier, but Ms. Brewer pointed out that the earlier substitution resulted from prior counsel's scheduling problems with which Siordia-Felix had nothing to do.
 
 
 12
 The district court stated its reason for denying the request was untimeliness alone.[5] There is insufficient evidence in the record to conclude that the lateness of the request justified denial. D'Amore, 56 F.3d at 1206.
 
 
 13
 The denial of the request for substitute counsel is REVERSED, the conviction and sentence are VACATED, and the cause is REMANDED for further proceedings consistent with this memorandum.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The following was the full extent of the court's initial inquiry:
 THE COURT: If you are not ready, you can't come in.
 MR. HODGES: I am not ready.
 THE COURT: I don't want to hear anything further from you.
 
 
 [2]
 When the district court denied the request for substitute counsel, the court anticipated the trial would last only three to four days
 
 
 [3]
 We do not consider Mr. Hodges' estimate made two years after the fact that he would have needed one week to prepare. Mr. Hodges' declaration, ER 12, was not available to the district court at the time it denied Siordia-Felix's request and is not part of the district court record or the record on appeal. In any event, Mr. Hodges' after-the-fact estimate was not subject to testing by the district court, which might well have indicated the estimated time needed to prepare was far too long
 
 
 [4]
 The court responded to Mr. Hodges' attempt to explain Siordia-Felix's dissatisfaction with appointed counsel as follows:
 THE COURT: ... If you're not ready, you can go away.
 MR. HODGES: Your Honor, I have spoken with Mr. Felix, though, and he is concerned about--
 THE COURT: I don't care who you spoke to. If you're not--He can't substitute somebody on the eve of trial.
 MR. HODGES: I understand that Your Honor. He does not feel, though, his defense is being prepared and presented properly.
 THE COURT: I can't help that. He still can't substitute someone on the eve of trial. I'm not going to hear from you further. Get away from the lectern. You are not attorney of record in this case."
 
 
 [5]
 The court said, "I don't permit an attorney to come in on the day before trial--or the day of trial ... when he's not ready to go to trial. I mean, that's just too late."