108 F.3d 340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Troy WARE, Defendant-Appellant.
 No. 95-50598.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 13, 1996.*
Decided Dec. 17, 1996.
 
 Before: PREGERSON, D.W. NELSON, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Troy Ware appeals his jury conviction under 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm. Ware presents three grounds for relief: (1) the district court abused its discretion when it denied Ware's motion to compel discovery relating to his selective prosecution claim; (2) the district court abused its discretion when it denied Ware's motion to substitute counsel and for a trial continuance; and (3) Ware was denied effective assistance of counsel. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 MOTION TO COMPEL DISCOVERY RELATING TO SELECTIVE PROSECUTION CLAIM
 
 
 4
 Ware claims that he was the victim of a pattern of selective prosecution. He alleges that the government "singled [him] out to be prosecuted ... because he is black."
 
 
 5
 A district court's denial of discovery relating to a claim of selective prosecution is reviewed for an abuse of discretion. United States v. Marshall, 56 F.3d 1210, 1211 (9th Cir.1995), cert. denied, 116 S.Ct. 1830 (1996). A defendant seeking discovery related to a selective prosecution claim must present "some evidence tending to show the existence of the essential elements of the [selective prosecution] defense, discriminatory effect and discriminatory intent." United States v. Armstrong, --- U.S. ----, 116 S.Ct. 1480, 1488 (1996) (internal quotation marks omitted). Specifically, a defendant must make "a credible showing of different treatment of similarly situated persons." Id. at 1489. This is a "rigorous" burden. Id. at 1488.
 
 
 6
 Ware presents three studies that he claims "tend[ ] to show the existence of ... discriminatory effect." These studies reveal that blacks constitute the vast majority of cocaine-base defendants in the Central District of California. However, they do not fulfill the new standard imposed by Armstrong because they do not compare similarly situated groups of black and white defendants; that is, they do not demonstrate that whites who meet the U.S. Attorneys Office's prosecutorial guidelines for cocaine-base offenses were not prosecuted in federal court. Furthermore, the government has explained that it chose to prosecute Ware because he had numerous prior felony convictions and he possessed a firearm while trafficking in crack cocaine. Accordingly, the district court did not abuse its discretion when it denied Ware's motion to compel discovery relating to his claim of selective prosecution.
 
 SUBSTITUTION OF COUNSEL
 
 7
 Ware asserts that the trial court abused its discretion when it denied his motion to substitute counsel and for a trial continuance. We disagree.
 
 
 8
 A district court's denial of a motion for substitution of counsel and a trial continuance is reviewed for an abuse of discretion. United States v. George, 85 F.3d 1433, 1438 (9th Cir.1996); United States v. Gonzalez-Rincon, 36 F.3d 859, 865 (9th Cir.1994), cert. denied, 115 S.Ct. 1323 (1995).
 
 
 9
 The Sixth Amendment grants defendants a qualified right to retain counsel of their choice. See United States v. D'Amore, 56 F.3d 1202, 1204 (9th Cir.1995). This right "may be abridged to serve some 'compelling purpose.' " Id. (quoting United States v. Lillie, 989 F.2d 1054, 1055-56 (9th Cir.1993)). "[T]he court must weigh the defendant's Sixth Amendment interest against any delay or inconvenience caused by the request for substitution, even when the request is made at the last minute." D'Amore, 56 F.3d at 1204. Three considerations inform this balancing process: "(1) [the] timeliness of the motion; (2) [the] adequacy of the court's inquiry into the defendant's complaint; and (3) whether the conflict between the defendant and his attorney was so great that it resulted in a total lack of communication preventing an adequate defense." Bland v. California Dept. of Corrections, 20 F.3d 1469, 1475 (9th Cir.), cert. denied, 115 S.Ct. 357 (1994) (quoting United States v. Walker, 915 F.2d 480, 482 (9th Cir.1990)).
 
 
 10
 These three considerations support the district court's decision to deny Ware's substitution and continuance motion. First, although timeliness is not forfeited by the fact that a motion to substitute counsel is filed on the eve of trial, the district court "carefully weigh[ed] the resulting inconvenience and delay against the defendant's important constitutional right to counsel of his choice." D'Amore, 56 F.3d at 1206. The court concluded that judicial efficiency would be compromised if the trial were delayed 30-40 days until Ware's substitute counsel would be prepared to try the case. Second, the district court conducted an adequate inquiry that touched upon three important considerations: (1) the length of the required continuance; (2) the inconvenience caused by the delay; and (3) the degree to which the disagreements between counsel and defendant prevented adequate preparation for trial. See id. Finally, the record indicates that any breakdown in communication between Ware and his counsel resulted from Ware's preoccupation with finding substitute counsel. See United States v. Roston, 986 F.2d 1287, 1292-93 (9th Cir.) (breakdown in communication does not warrant substitution of counsel where breakdown is caused by the defendant), cert. denied, 510 U.S. 874 (1993). Accordingly, the district court did not abuse its discretion when it denied Ware's motion to substitute counsel and to continue the trial.
 
 INEFFECTIVE ASSISTANCE OF COUNSEL
 
 11
 Ware claims that he was denied his Sixth Amendment right to effective assistance of counsel when his appointed trial counsel failed to contact and interview a potential witness and neglected to discuss the case with Ware. We disagree.[1]
 
 
 12
 Whether a defendant was denied his Sixth Amendment right to effective assistance of counsel is a question of law reviewed de novo. United States v. Benlian, 63 F.3d 824, 826 (9th Cir.1995). In order to prevail on a claim that counsel was ineffective, Ware must demonstrate both that his counsel's performance fell below an objective level of proficiency and that such failure so prejudiced the defendant that it deprived him of a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984). Our review of counsel's performance is highly deferential; we "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.
 
 
 13
 Ware has not met the Strickland standard. Counsel's decision not to contact a potential witness was not objectively unreasonable. The defendant had suggested that his arrest and indictment were a case of mistaken identity. Counsel had obtained at least two photographic identifications for a "Gary Ware" and had discussed them with the defendant. Counsel made a preliminary investigation of this potential defense strategy and apparently decided that it was not worth pursuing. Therefore, his decision not to subpoena Gary Ware was a reasoned, tactical decision that cannot form the basis for a Strickland claim.[2]
 
 
 14
 Likewise, trial counsel's alleged failure to communicate with Ware about the case cannot form the basis for a Strickland claim. The record reflects that this breakdown in communication during the two weeks prior to trial was attributable to the fact that "Mr. Ware had been more concerned with securing new counsel than with trial preparation." Furthermore, the events and result of trial indicate that an adequate level of communication was maintained. Counsel conducted an effective direct examination of the defendant, put on a vigorous defense, and obtained an acquittal on two of the three counts with which the defendant had been charged. Accordingly, Ware has not been denied his Sixth Amendment right to effective representation.
 
 CONCLUSION
 
 15
 Troy Ware's conviction under 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm is AFFIRMED.
 
 
 
 *
 The panel unanimously find this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Ordinarily, the effectiveness of one's counsel is challenged on collateral appeal in a habeas proceeding. An exception to this general rule exists where the record is adequately developed to permit meaningful review of the claim on direct appeal. See United States v. Robinson, 967 F.2d 287, 290 (9th Cir.1992). The parties agree that the record in this case is sufficiently developed and that direct review is appropriate
 
 
 [2]
 Apparently, Ware agreed with counsel's strategic determination. Four days before the commencement of Ware's trial, the district court asked the defendant and his counsel about witnesses. Defense counsel informed the judge that he planned to call two female percipient witnesses. The judge then asked defendant Ware directly whether he had other witnesses in mind. Ware responded: "The only other one that I have in mind ... [is] the person I was leasing the detail shop from at the time of the arrest." Ware did not identify Gary Ware as a potential witness to the court. If Ware disagreed with his attorney's decision not to subpoena Gary Ware as a witness, Ware failed to notify the court of this disagreement