**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Julius M. GLADNEY, Defendant—**
**Appellant.**

No. 06–30656.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 8, 2008.*

Filed Feb. 1, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

Robert A. Ellis, Esq., USYA–Office of the U.S. Attorney Yakima, WA, for Plaintiff–Appellee.

Nicholas W. Marchi, Esq., Carney & Marchi, PS, Kennewick, WA, for Defendant–Appellant.

Before: KLEINFELD, TASHIMA, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Julius Gladney appeals his conviction by jury on three counts of distribution of cocaine base, in violation of 21 U.S.C. § 841. Gladney also appeals the district court's denial of his motion for a new trial and the denial of his motion for release from custody pending appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The evidence is sufficient to sustain Gladney's conviction. Although Gladney argues that Henry Grisby's testimony is unreliable, he has failed to point to any evidence, other than the evidence of Grisby's potential bias, that supports this contention.[1] The jury was informed of the payments that Holli Meredith received and the reduced charges Grisby received. "Absent facial incredibility, it is not our role to question the jury's assessment of witness credibility." *United States v. Tam*, 240 F.3d 797, 806 (9th Cir.2001). Moreover, "the witnesses were subjected to full cross-examination by the defense." *United States v. Leung*, 35 F.3d 1402, 1405 (9th Cir.1994); *see also United States v. Ramirez–Robles*, 386 F.3d 1234, 1241 (9th Cir.2004) (reasoning that the jury was in-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts, we do not recite them here, except as necessary to aid in understanding this disposition.

formed of the deal the coconspirator received and that the jury had the opportunity to weigh her testimony against "the evidence presented by the defense that tended to undermine her story"); *United States v. Egge,* 223 F.3d 1128, 1135 (9th Cir.2000) (reasoning that the jury had the opportunity to consider the reliability of the witnesses and was "entitled to find their testimony credible notwithstanding Appellant's effort to impeach them").

The elements of the offense are supported by the testimony of Meredith, Grisby, and the officers. Viewing the evidence in the light most favorable to the government, a rational jury could have found Gladney guilty of each element beyond a reasonable doubt. *See United States v. Esquivel–Ortega,* 484 F.3d 1221, 1224 (9th Cir.2007) (setting forth the standard of review).

■ The district court did not abuse its discretion in denying Gladney's motion for a new trial based on newly discovered evidence. *See United States v. George,* 420 F.3d 991, 1000 (9th Cir.2005) (reviewing a denial of a motion for new trial based upon newly discovered evidence for an abuse of discretion). Grisby's general recantation referred to in the declaration by his mother lacked the specificity that his trial testimony contained. A general assertion after the fact that he was lying on the stand is not such that a new trial would probably result in an acquittal. *See United States v. Jackson,* 209 F.3d 1103, 1106 (9th Cir.2000) (affirming the district court's denial of a new trial motion based on newly discovered evidence, because the witness' general denial was "utterly lacking in specificity," while his testimony at trial "included the details that his extremely general recantation lacked").

Moreover, Grisby's testimony was not the only evidence presented to establish the elements of the offense. Meredith and five officers involved in the transactions testified, and the government presented exhibits such as the cocaine purchased by Grisby. Officer Bradford Gregory testified that he heard Grisby's side of the conversation when Grisby spoke on the phone with Gladney to set up the transactions. There were numerous control procedures in place, and Meredith accompanied Grisby to each of the locations. It is true that Meredith stayed in the front of the barbershop during the July 1 transaction and stated that she could not see what happened. She testified, however, that she was able to see the other two transactions. For all these reasons, even if we were to follow Gladney's suggestion to apply a more lenient standard and assume that Mrs. Grisby's declaration is so powerful as to render Grisby's testimony completely incredible, Grisby's evidence was not uncorroborated, and it did not provide "the only evidence of an essential element of the government's case." *United States v. Marshall,* 56 F.3d 1210, 1212 (9th Cir. 1995) (internal quotation marks omitted). The district court's denial of Gladney's motion for a new trial was not an abuse of discretion.

■ The district court did not err in denying Gladney's motion for release pending appeal. The court correctly reasoned that, based on the evidence presented, Gladney's appeal would not raise a substantial question of law or fact likely to result in reversal or an order for a new trial. 18 U.S.C. § 3143(b)(1). We reject Gladney's contention that exceptional circumstances warrant his release. 18 U.S.C. § 3145(c). Gladney offers no explanation or evidence to support his contention that his conduct was aberrational, and his criminal history does not support his assertion. There are no circumstances surrounding the offense that make this an unusual case, and Gladney has not established that the

hardships of prison would be unusually harsh for him.

The judgment of conviction and the order denying release pending appeal are **AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.