**Dennis J. BARROSO, Petitioner–Appellant,**

v.

**A. CALDERON, Warden, Respondent–Appellee.**

No. 06–56696.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 4, 2008.

Filed Feb. 14, 2008.

Jennifer L. Peabody, Esq., Marilee Marshall & Associates, Inc., Los Angeles, CA, for Petitioner–Appellant.

Michael C. Keller, Esq., Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: HALL, GRABER, and BERZON, Circuit Judges.

## MEMORANDUM *

Dennis Barroso was convicted in state court of murder during the course of a robbery, two counts of second degree robbery, three counts of attempted robbery, and one count of carjacking. He was sentenced to life in prison without the possibility of parole.

Before trial, Barroso made a timely motion to substitute counsel which, if granted, would have required an eleven-day continuance of the trial. The trial court denied Barroso's motion to substitute counsel because of the delay it would have required. For two reasons, the trial court found that the delay was significant: First, there had been prior scheduling difficulties resulting in numerous continuances and delaying trial for more than five months, although only one of these continuances was attributable to Barroso, and second, the trial judge expressed concern for the rights of a custodial witness, who was being held in custody until he testified because of concern that he was a flight risk.

Barroso has filed a habeas petition challenging his conviction on the ground that the trial court's denial of his motion to substitute counsel violated his right to retained counsel of his choice under the Sixth Amendment.

Barroso has a right to retained counsel of his choice, but that right is subject to certain restrictions. *See Wheat v. United States,* 486 U.S. 153, 159, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988). For example, the Supreme Court has recognized that although the Sixth Amendment entitles a defendant to be represented by counsel of choice, trial courts have "broad discretion ... on matters of continuances," and "only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." *Morris v. Slappy,* 461 U.S. 1, 11–12, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983) (quoting *Ungar v. Sarafite,* 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964)).

Recently, in *Bradley v. Henry,* 510 F.3d 1093 (9th Cir.2007) (en banc), the Ninth Circuit considered whether a trial court's denial of a criminal defendant's motion to substitute counsel violated the defendant's Sixth Amendment rights. In making the motion, the requested attorney repeatedly represented to the trial court that the substitution would not cause any delay in the trial. *Id.* at 1096, 1100. On habeas review, a majority of the panel held that Bradley's Sixth Amendment rights were violated by the trial court's denial of her motion to substitute counsel and that the state court's decision to the contrary was an unreasonable application of clearly established Supreme Court law. *Id.* at 1098–99 (plurality op.), 1103–04 (concurring op.).

In contrast to *Bradley,* the substitution in this case would have entailed some delay, albeit a short one, and could well have required a material witness to be held in detention longer than if the trial went

---

* This disposition is not appropriate for publication and is not precedent except as provided

by 9th Cir. R. 36–3.

ahead as scheduled. *See id.* at 1103 (stating that "a court may 'inquire into the new counsel's preparedness, and . . . condition the granting of the motion on defendant's (and new counsel's) willingness to continue with the existing schedule'") (Clifton, J., concurring) (quoting *United States v. Lillie,* 989 F.2d 1054, 1056 (9th Cir.1993), *overruled in part on other grounds in United States v. Garrett,* 179 F.3d 1143, 1145 (9th Cir.1999)). Petitioner argues that with further inquiry and the use of trial management techniques by the trial court, it is possible that any practical impact of the delay might have been eliminated or minimized. That may be but, even so, the state court decision that the trial court's reasons were adequate and that there was no constitutional violation was simply not "contrary to, or [ ] an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d), *see Slappy,* 461 U.S. at 11–12, 103 S.Ct. 1610, as is required to grant a habeas petition under the Antiterrorism and Effective Death Penalty Act.

Thus, the district court's denial of Barroso's Petition for Writ of Habeas Corpus is **AFFIRMED.**

---

\* The panel unanimously find this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.