Mixon's remaining contentions are unpersuasive.

**AFFIRMED.**

**In re Robert David KAHRE, Petitioner**

**v.**

**UNITED STATES DISTRICT COURT FOR the DISTRICT OF NEVADA, Respondent,**

**The United States of America, Real Party in Interest.**

**No. 08–70954.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 2008.

Filed Aug. 1, 2008.

William A. Cohan, William A. Cohan PC, Rancho Santa Fe, CA, Michael J. Kennedy, Federal Public Defender, Reno, NV, Lisa A. Rasmussen, Law Offices of Lisa A. Rasmussen, Las Vegas, NV, for Petitioner.

No Appearance for Respondent.

J. Gregory Damm, Carlos A. Gonzalez, Eric Johnson, Esq., Assistant U.S., USLV—Office of the U.S. Attorney, Las Vegas, NV, Jared E. Dwyer, Department of Justice, Washington, DC, for Real Party in Interest.

Before: SCHROEDER and LEAVY, Circuit Judges, and FAIRBANK,* District Judge.

MEMORANDUM **

Petitioner Robert Kahre seeks a writ of mandamus directing the district court to vacate its *sua sponte* decision striking his substitution of Lisa Rasmussen as retained local counsel in his upcoming criminal trial. Petitioner sought the substitution after a trial resulted in the acquittal of some defendants, and a mistrial as to Petitioner and other defendants, who now face a second trial. While we understand the difficulty of managing this long and complex case, we find the district court did not conduct sufficient inquiry before striking the substitution of counsel. This Court thus does not have a clear record to evaluate the disqualification. We therefore grant the petition for writ of mandamus. We remand to the district court with instructions both to vacate its order striking Petitioner's substitution of counsel, and to conduct further inquiry on the issue of attorney disqualification. This Court also grants Petitioner's motion for reassignment to a different judge.

### I. Petition for Writ of Mandamus

■ To issue a writ of mandamus, the Court weighs the factors set forth in *Bauman v. U.S. Dist. Court,* 557 F.2d 650 (9th Cir.1977):

> [W]hether (1) the party seeking the writ has no other means, such as a direct

---

* The Honorable Valerie Baker Fairbank, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

appeal, of attaining the desired relief, (2) the petitioner will be damaged in a way not correctable on appeal, (3) the district court's order is clearly erroneous as a matter of law, (4) the order is an oft-repeated error, or manifests a persistent disregard of the federal rules, and (5) the order raises new and important problems, or issues of law of first impression.

*Cole v. U.S. Dist. Court,* 366 F.3d 813, 816–17 (9th Cir.2004). Petitioner establishes the first two factors, and the last two factors do not apply here. *See id.* at 816–17, 820, 823 n. 13. As discussed below, the key third factor—clear error—is present because the record does not show that a "compelling purpose" justified abridging Petitioner's Sixth Amendment right to counsel of choice. *See United States v. D'Amore,* 56 F.3d 1202, 1204 & n. 2 (9th Cir.1995) (quoting *United States v. Lillie,* 989 F.2d 1054, 1055–56 (9th Cir. 1993)) ("[T]he Sixth Amendment .... may be abridged to serve some 'compelling purpose,' " including "prohibiting representations that involve a conflict of interest, or an ethically unfit lawyer."). The district court failed to conduct "inquiries ... important to [a] decision that a compelling purpose would be served by denying the defendant his qualified constitutional right to hire counsel of his choice." *D'Amore,* 56 F.3d at 1205.

The district court stated that a conflict of interest arose from (1) Ms. Rasmussen's earlier representation of a former co-defendant, Joel Axberg, who was acquitted at the trial, and (2) Ms. Rasmussen's participation in a joint-defense agreement, allegedly the basis for the sharing of confidential communications used to cross-examine government witnesses. However, the district court did not inquire about whether Ms. Rasmussen's successive representation or participation in the joint-defense agreement would impair her ability to represent Petitioner or breach her duty of confidentiality to Mr. Axberg or any other defendant. *See Fitzpatrick v. McCormick,* 869 F.2d 1247, 1252 (9th Cir.1989); *United States v. Stites,* 56 F.3d 1020, 1025 (9th Cir.1995); *United States v. Henke,* 222 F.3d 633, 638 (9th Cir.2000). As a result, there is insufficient information to conclude whether Ms. Rasmussen had a disqualifying conflict of interest.

The district court also cited the timing and impact of the substitution. Although the district court asserted that the substitution was inappropriately made one week before trial, the court should have inquired whether the substitution would delay the trial. *See Lillie,* 989 F.2d at 1056.

 Last, the district court concluded, without adequate inquiry, that Ms. Rasmussen had over-billed and misrepresented facts to the court. Disqualification for these alleged ethical violations may constitute a sanction, which requires notice and an opportunity to be heard. *Cole,* 366 F.3d at 821. The district court did not provide these protections.

## II. Motion for Reassignment to Another Judge

 Petitioner has asked for reassignment. In the absence of a showing of personal bias, this Court must determine whether "unusual circumstances" warrant reassignment to another judge upon remand. *In re Ellis,* 356 F.3d 1198, 1211 (9th Cir.2004) (en banc) (citation omitted). In making this determination, this Court looks to the following factors:

(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is

advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

*Id.* (citation omitted). A finding of one of the first two factors would support reassignment. *United States v. Sears, Roebuck & Co.,* 785 F.2d 777, 780 (9th Cir. 1986) *cert. denied,* 479 U.S. 988, 107 S.Ct. 580, 93 L.Ed.2d 583 (1986).

The record demonstrates the district court is frustrated with Petitioner's lead counsel, William Cohan. The district court acknowledged as much. This frustration appears to have affected how it has conducted hearings involving Petitioner's counsel and other defense counsel. We therefore find that reassignment is warranted. While reassignment will involve some duplication of effort, we find it would not be "out of proportion to any gain in preserving the appearance of fairness." *Ellis,* 356 F.3d at 1211.

**PETITION GRANTED; REMANDED to the district court with instructions to vacate its order striking Petitioner's substitution of counsel and to conduct further inquiry on attorney disqualification; MOTION for reassignment GRANTED.**